UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WINSTON SCULLY,

                             Plaintiff,

                    -against-

CHASE BANK USA, NA aka
JP MORGAN CHASE,
CHASE BANK, CHASE and
U.S. BANK NATIONAL
ASSOCIATION,

                             Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**16-CV-325 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pro se Plaintiff Winston Scully initiated this action in the Supreme Court of the State of New York. Defendants Chase Bank USA, National Association ("Chase Bank"), JPMorgan Chase Bank, National Association ("JPMCB"), and U.S. Bank National Association ("U.S. Bank") (collectively "Defendants")[1] removed the case to this court based on diversity of citizenship. Plaintiff now seeks to remand the case back to state court, arguing that Defendants' Notice of Removal was untimely and that the parties are not diverse. For the reasons discussed below, the court DENIES Plaintiff's Motion to Remand.

---

[1] The court believes that Plaintiff intended to sue two parties: "Chase Bank" and "US Bank". This is consistent with Plaintiffs' attempted service and Plaintiffs' claim that he did not intend to sue JP Morgan Chase. On this reading, JP Morgan Chase, Chase Bank, and Chase are simply alternative names for Chase Bank.

Out of an abundance of caution, Defendants included "JPMorgan Chase Bank" as if Plaintiff intended to include it as a separate Defendant in the Complaint.

Nonetheless, the court's removal analysis is the same regardless of whether JPMorgan Chase Bank is included as a party.

1

## I. BACKGROUND

On October 29, 2015, Plaintiff filed a complaint against Defendants in the Supreme Court of the State of New York, Queens County, seeking the return of an unendorsed promissory note, damages for Defendants' alleged conspiracy to fabricate and file a false instrument, and damages for Defendants' allegedly false and improper credit reporting. (Compl. (Not. of Removal (Dkt. 1), Ex. A (Dkt. 1-1)) ¶ 10.) On January 21, 2016, Defendants filed a Notice of Removal. (Not. of Removal.) Plaintiff filed a motion to remand on January 26, 2016. (Mot. to Remand (Dkt. 7).) On February 29, 2016, Defendants filed their opposition to Plaintiff's Motion to Remand. (Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Remand ("Defs.' Opp'n") (Dkt. 9).) On March 18, 2016, Plaintiff filed a reply. (Pl.'s Reply to Defs.' Opp'n ("Pl.'s Reply") (Dkt. 11).)

## II. LEGAL STANDARDS

### A. Removal

An action generally is removable if a federal court would have had original jurisdiction over the action had it been filed in federal court. 28 U.S.C. § 1441(a). Thus, cases where a federal court would have had diversity jurisdiction under 28 U.S.C. § 1332, generally are removable. Under § 1332, federal courts have jurisdiction over civil actions between citizens of different states where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332.

To remove an action from state court to federal court, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, in <u>Murphy Brothers v. Minchetti Pipe</u>

Stringing, 526 U.S. 344, 347 (1999), the Supreme Court held that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Indeed, "the commencement of the removal period could only be triggered by formal service of process, regardless of whether the statutory phrase 'or otherwise' hints at some other proper means of receipt of the initial pleading." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 202 (2d Cir. 2001).

### B. Service of Process in New York

New York law allows for service of process by first-class mail on out-of-state defendants, with service of process complete on the date a signed acknowledgement of receipt is mailed or delivered to the sender. See N.Y. C.P.L.R. ("NYCPLR") § 312-a. The statute provides in relevant part that:

> As an alternative to the methods of personal service authorized by section 307, 308, 310, 311 or 312 of this article, a summons and complaint, or summons and notice, or notice of petition and petition may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.

N.Y. C.P.L.R. § 312-a.

New York courts have held that service of process that does not comply with the authorized statutory methods is deficient even if the defendant learns that the action is pending. See, e.g., Macchia v. Russo, 67 N.Y.2d 592, 595. (N.Y. 1986) (per curium) (holding that "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court"); Buggs v. Ehrnschwender, 968 F.2d 1544, 1548

(2d Cir. 1992) (finding that "[a]ctual notice of the lawsuit alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with the prescribed conditions of service" (internal quotation marks and citation omitted)).

## III. DISCUSSION

### A. Timeliness of Defendants' Removal

Plaintiff alleges that he served Chase Bank on November 2, 2015, by sending a copy of the Summons and Complaint through regular and certified mail to 270 Park Avenue, New York, NY 10017. (Mot. to Remand (Dkt. 7) at 77.) Plaintiff further alleges that he served U.S. Bank on November 2, 2015, by sending a copy of the Summons and Complaint through regular and certified mail to 425 Walnut Street, Cincinnati, Ohio 45202.[2] (Id.) Tracking information from the USPS website that shows that the documents were delivered to Chase Bank on November 6, 2015, and to U.S. Bank on November 9, 2015. (Id. at 81) Since Defendants did not file the Notice of Removal until January 21, 2016, Plaintiff alleges that the 30-day limit to file for removal under 28 U.S.C. §1446 had passed. (Id. at 5.) Defendants argue that removal

---

[2] Both parties seem to assume that only New York service rules govern this case. However, Federal Rule of Civil Procedure 4 provides that service is properly effectuated if it accords with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). Thus, the court also must consider whether US Bank was properly served in Ohio. It was not.

Generally, service by mail in Ohio can only be effected by the clerk of court. See Ohio Civ. R. 4.1; Price v. Price, No. 84-CA-38, 1985 WL 7633, at *2 (Ohio Ct. App. Feb. 4, 1985) ("Civ. R. 4.1 does not provide for a method of service by certified mail which is mailed by an attorney for a party."); see also Fuller v. Fuller, No. 99-CA-04, 2000 WL 807224, at *5 (Ohio Ct. App. June 14, 2000) ("However, the purpose of Civ. R. 4.1 is to establish service, or lack thereof, in the record of the case. Hence, the clerk, a neutral official, must mail the copy of the motion to the appellee.").

Some federal courts have interpreted Ohio law to allow an attorney, in addition to the clerk of court, to effectuate mail service. See Piercey v. Miami Valley Ready-Mixed Pension Plan, 110 F.R.D. 294, 296 (S.D. Ohio 1986). Even if this were Ohio law, and it does not appear to have been adopted by the Ohio courts, it would not save Plaintiff's service here because Piercey is limited to service by attorneys. Id. ("This Court finds that an attorney may undertake the clerk's function in certified mail service under the Ohio rules without undermining the probability that this method of service will effectuate notice." (emphasis added)).

Thus, Plaintiff did not properly serve US Bank in Ohio.

was timely because Plaintiff never properly served Defendants, and, therefore, the 30-day limit for Defendants to file for removal never began to run. (Defs.' Opp'n at 3.)

Under New York law, Plaintiff's service of process on Defendants was defective because, contrary to NYCPLR § 312-a, he failed to serve a statement of service by mail and an acknowledgment of receipt. Indeed, New York courts consistently have held that service of process is deficient or defective when a plaintiff does not include copies of a statement of service and an acknowledgment of receipt. See, e.g., Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 252 (S.D.N.Y. 2003) (holding that under New York law, plaintiff's service of process was deficient where plaintiff did not include two copies of a statement of service by mail and acknowledgment of receipt with a return envelope, postage prepaid, addressed to the sender as required by NYCPLR § 312-a); Demarco v. City of New York, No. 08-CV-3055 (RRM) (LB), 2010 WL 889266, at *2 (E.D.N.Y. Mar. 10, 2010) (finding that neither Fed. R. Civ. P. 4(d) nor NYCPLR § 312-a permits service merely by mailing a defendant a copy of the summons and complaint); Weaver v. New York, 7 F. Supp. 2d 234, 236 (W.D.N.Y. 1998) (holding that merely mailing a summons and complaint does not constitute service under NYCPLR § 312-a and that service by mail is only effective when used in conjunction with a statement of service by mail and acknowledgment of receipt); Jiggetts v. MTA Metro-N. R.R., 993 N.Y.S.2d 699, 700 (App. Div. 2014) (finding that plaintiff's mailing of summons and complaint to corporate defendant did not properly effectuate personal service by mail because he failed to include two copies of a statement of service by mail and an acknowledgement of receipt).

As stated in Plaintiff's Motion to Remand, he only sent copies of the Summons and Complaint to Chase Bank and U.S. Bank. (Mot. to Remand at 4.) Plaintiff did not send two copies of the statement of service and acknowledgement of receipt as required by

NYCPLR § 312-a. Thus, Plaintiff did not serve Defendants in accordance with New York law. Therefore, Defendants' 30-day limit to file for removal has not begun to run and Defendants' Notice of Removal was filed timely.

## B. Diversity Jurisdiction

Having held that Defendants timely filed the Notice of Removal, the court now considers whether it has original jurisdiction over this action. Defendants invoke this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction is present where there is a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently set at $75,000. 28 U.S.C. § 1332(a).

Plaintiff resides in New York. (Compl. ¶ 1.) Without information on whether Plaintiff is domiciled elsewhere, he is considered a citizen of New York for diversity purposes. See Orthopedic Spine Care of Long Island, P.C. v. Ingardia, No. 09-CV-2757 (JS) (ETB), 2011 WL 3841439, at *2 (E.D.N.Y. Aug. 25, 2011) (holding that an individual's residence at the time a lawsuit is commenced provides prima facie evidence of his domicile); Willis v. Westin Hotel Co., 651 F. Supp. 598, 601 (S.D.N.Y. 1986) (same).

The citizenship of national banks is defined in 28 U.S.C. § 1348, which provides that "national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." In Wachovia Bank, N.A. v. Schmidt, the Supreme Court held that for § 1348 purposes a national bank is a citizen of the State in which its main office, as set forth in its articles of association, is located. 546 U.S. 303, 307 (2006); see also Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A., 470 F. Supp. 2d 312 (S.D.N.Y. 2006).

Each Defendant is a national bank. (Not. of Removal ¶¶ 14-16.) Chase Bank has designated Wilmington, Delaware, as the location of its main office in its articles of association and therefore, is a citizen of Delaware for diversity purposes. (Id. ¶ 14.) JPMCB has designated Columbia, Ohio, as the location of its main office in its articles of association and therefore, is a citizen Ohio for diversity purposes. (Id. ¶ 15.) U.S. Bank has designated Cincinnati, Ohio, as the location of its main office in its articles of association and therefore is a citizen of Ohio for diversity purposes. (Id. ¶ 16.) Complete diversity exists in this action because it involves a lawsuit between Plaintiff, a citizen of New York, and Defendants, all of whom are all citizens of states other than New York.

As to the amount in controversy, Plaintiff seeks to recover $164,917.80 plus interest against all Defendants, an additional $1,070,000 per Defendant (Chase and U.S. Bank), unspecified damages for false and improper credit reporting, and $50 million in punitive damages. (Compl. at 3). This totals well over $75,000. Accordingly, the amount in controversy requirement is satisfied.

Thus, the court properly may maintain original jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, removal was proper.[3]

---

[3] Plaintiff argues that Defendants' removal should be rejected because it is not supported by an affidavit. (See Pl.'s Reply at 2.) However, the court is permitted to consider factual allegations made in a notice of removal when assessing removability. See, e.g., Romano v. Kazacos, 609 F.3d 512, 520 (2d Cir. 2010); Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 127 n. 8 (E.D.N.Y. 2010) (noting that Local Rule 81.1 requires parties to plead the dates of service and the citizenship of the parties in the notice of removal). As explained above, Defendants' Notice of Removal contains ample factual allegations to establish diversity jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is DENIED. Defendants are directed to answer or otherwise move within fourteen (14) days of the entry of this Memorandum and Order. (See Feb. 1, 2016, Order.) Moreover, should Defendants move to dismiss the Complaint, they are reminded to follow the courts Individual Rules and first request a pre-motion conference.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
May 16, 2016

NICHOLAS G. GARAUFIS  
United States District Judge