UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
WINSTON SCULLY,

                            Plaintiff,                                MEMORANDUM & ORDER

                        -against-                                           16-CV-325 (NGG) (RML)

CHASE BANK USA, NA, and U.S. BANK
NATIONAL ASSOCIATION,

                            Defendants.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

In this action, pro se Plaintiff Winston Scully alleges misconduct relating to a residential mortgage by Defendants Chase Bank USA, NA (a.k.a. JP Morgan Chase, Chase Bank, and Chase) ("Chase"); and U.S. Bank National Association ("U.S. Bank"). (See Am. Compl. (Dkt. 16).) On October 17, 2016, Defendants filed a motion to dismiss or, in the alternative, for summary judgment ("Defendants' Motions"). (Defs. Mots. (Dkt. 24).) The court referred Defendants' Motions to Magistrate Judge Robert M. Levy for a report and recommendation ("R&R"). (Nov. 28, 2016, Order (Dkt. 25) (citing 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1)).) On May 31, 2017, Judge Levy issued an R&R recommending that Defendants' Motions be granted. (R&R (Dkt. 26).) Plaintiff then moved to withdraw the Amended Complaint and dismiss all claims without prejudice. (Pl. Mot. to Withdraw (Dkt. 27).) Plaintiff also filed objections to the R&R. (Pl. Objs. (Dkt. 28).) For the reasons stated below, Plaintiff's motion to withdraw is DENIED; Plaintiff's objections to the R&R are OVERRULED; and the R&R is ADOPTED IN PART. The court GRANTS Defendants' motion to dismiss and DENIES AS MOOT Defendants' motion for summary judgment. The case is DISMISSED.

1

## I. BACKGROUND

The court assumes the parties' familiarity with the prior proceedings in this action, and reviews the factual and procedural background only as necessary to adjudicate the parties' pending motions.

### A. Plaintiff's Allegations

Plaintiff resides at a property located on the Grand Central Parkway in Queens County, New York (the "Property"). (Am. Compl. ¶ 1.) The Property was encumbered by a mortgage. (See id. ¶ 5(iv) (referring to "plaintiff's note and mortgage"); Pl. Ltrs. (Am. Compl., Ex. 6) (referring to a "Promissory Note made payable to VirtualBank").) The court discerns five distinct legal claims in Plaintiff's allegations,[1] all of which rest on the premise that neither Defendant ever had a valid claim to the promissory note underlying mortgage, and that Defendants therefore did not have a valid claim to collect on or reassign the mortgage itself. (See, e.g., Pl. Mot. to Am. (Dkt. 13) at 1 (arguing that Chase "was never the owner of the promissory note and [therefore] had no legal right to assign [the] mortgage to U.S. Bank").)

First, from October 2008 to November 2013, Chase allegedly "engaged in an unlawful and illegal act to collect mortgage payments from Plaintiff totaling $164,917.80" (the "Payment Claim"). (Id. ¶ 5(i).)

Plaintiff's second claim concerns an "Assignment of Mortgage" filed in February 2013 with the City Register of the City of New York, which purported to reassign a mortgage on the Property from Chase to U.S. Bank. (Id. ¶ 5(ii); see also Assignment of Mortgage (Am. Compl.,

---

[1] The court is conscious that that a pro se complaint "must be construed liberally to raise the strongest arguments it suggests." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks, citation, and alterations omitted).

2

Ex. 4) (Dkt. 16 ECF p.16-19).) Plaintiff asserts that this reassignment was "without any legal basis" (the "Assignment Claim"). (Am. Compl. ¶ 5(ii).)

Plaintiff's third and fourth claims relate to an attempted foreclosure on the Property. In April 2014, U.S. Bank "filed a Notice of Pendency with the county Clerk, Queens County," and also "filed a Summons and Foreclosure Complaint [] against the Plaintiff" in New York Supreme Court. (Am. Compl. ¶ 5(iv).) On March 13, 2015, the state court dismissed the action for lack of standing, and offered the following explanation:

> [U.S. Bank] did not submit an affidavit by someone with personal knowledge of the facts that stated how and when it became the holder or assignee of the note and mortgage. . . . Without evidence that it possessed or was assigned the original note at the time [the foreclosure action was initiated, U.S. Bank] cannot rely on its possession of a copy of the note to establish its standing.

U.S. Bank Nat'l Assoc. v. Scully (the "Foreclosure Dismissal"), No. 5436/14, slip op. at 3 (N.Y. Sup. Ct., Mar. 13, 2015).[2] Plaintiff argues that, dismissal notwithstanding, he suffered "irreparable harm" as a result of "the Wrongful Foreclosure" action (the "Wrongful Foreclosure Claim"). (Am. Compl. at 3.) In particular, he alleges that his "credit rating was adversely affected" by the foreclosure proceedings (the "Credit Rating Claim"). (Id. ¶ 5(v).)

Plaintiff requests the following relief: compensatory and punitive damages; quiet title to the Property (the "Quiet Title Claim"); and an order removing the foreclosure from Plaintiff's credit report. (Id.)

## B. The R&R and Subsequent Filings

On March 31, 2017, Judge Levy issued an R&R recommending that the case be dismissed. (See generally R&R.) Judge Levy recommended that the Payment and Assignment

---

[2] The Foreclosure Dismissal slip opinion is available on the docket in Exhibit 5 to the Amended Complaint. (See Dkt. 16 at ECF p.25.)

3

Claims be dismissed for lack of standing (id. at 7-10), and that the Credit Rating and Quiet Title Claims be dismissed based on Plaintiff's failure to plead sufficient facts (id. at 10-11). The R&R did not construe the Wrongful Foreclosure Claim as a separate cause of action, and therefore did not address it.

The parties had 14 days from receipt of the R&R to file any objections. (Id. at 12.) See also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Within that 14-day window, Plaintiff not only filed objections, but also moved to withdraw the Amended Complaint and dismiss the action without prejudice. (Pl. Objs.; Pl. Mot. to Withdraw.) Defendants responded to Plaintiff's objections and also oppose the motion to withdraw. (Defs. Opp'n to Pl. Mot to Withdraw & Resp. to Pl. Objs. (Dkt. 30).)

## II. DISCUSSION

The court denies Plaintiff's motion to withdraw the Amended Complaint. Plaintiff has not offered any justification for the court to dismiss the action without prejudice in lieu of adjudicating Defendants' Motions. Turning to the R&R, the court finds Plaintiff's objections to be without merit except insofar as Plaintiff points out the R&R's silence on Plaintiff's Wrongful Foreclosure Claim. The court finds that Plaintiff's claims must all be dismissed under Federal Rule of Civil Procedure 12(b). In light of this holding, the court need not address Defendants' motion for summary judgment or the portions of the R&R that discuss it.

### A. Plaintiff's Motion to Withdraw

#### 1. Legal Standard

Plaintiff's motion to withdraw is governed under Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

4

considers proper." Fed. R. Civ. P. 41(a)(2).[3] "Factors relevant to the consideration of a motion to dismiss without prejudice" include the following:

> [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990) (citation omitted).[4] "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

2. Application

Plaintiff's argument in favor of withdrawal rests entirely on the third Zagano factor ("the extent to which the suit has progressed"). Plaintiff contends that that "[t]his case is still in its preliminary stages" because "there has been no hearing on the complaint, no trial date has been set and discovery has not even commenced." (Pl. Reply in Supp. of Mot. to Withdraw & Objs. ("Pl. Reply") (Dkt. 31) at 2.) That may be so, but Plaintiff has already called on the court to adjudicate motions to remand and to amend the complaint, (see May 15, 2016, Mem. & Order (Dkt. 12); June 13, 2016, Order (Dkt. 15)), and Judge Levy has already undertaken a full review of Defendants' Motions (see R&R). The third Zagano factor therefore does not provide strong support for either outcome.

The court finds, however, that "each of the [other Zagano] factors weighs against dismissal" without prejudice. George v. Prof'l Disposables Int'l, Inc., No. 15-CV-3385 (RA),

---

[3] Civil plaintiffs may withdraw their pleadings as of right under two circumstances, neither of which applies here: (1) "before the opposing party serves either an answer or a motion for summary judgment," and (2) after filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1).

[4] A second "line[] of authority"—which does not apply to the circumstances presented in this case—cautions that dismissal under Rule 41(a)(2) "would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (quoting Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)).

5

2017 WL 1740395, at *2 (S.D.N.Y. May 2, 2017) (emphasis added). Critically, Plaintiff has not offered any explanation for why he seeks to withdraw his pleadings, or why he waited to file his motion until after Judge Levy issued a 12-page R&R analyzing Defendants' Motions. That failure speaks directly to the fifth Zagano factor ("the adequacy of plaintiff's explanation for the need to dismiss"), and colors the court's consideration of the remaining factors as well.

After reviewing Defendants' motion papers, Plaintiff could have conceded the non-viability of some or all claims, or could have sought leave to make curative amendments to his pleadings. Instead, Plaintiff made the tactical decision to mount a full opposition and wait for Judge Levy's R&R. The R&R's recommendations were not favorable, and now Plaintiff seeks to withdraw without prejudice, avoiding the binding impact of an order adopting the R&R. That strategy cannot be construed as "diligent." Absent any proffered justification, Plaintiff's actions border on vexatious: it seems Plaintiff seeks to reformulate and relitigate his claims in a new forum.

Particularly in light of the fact that Plaintiff has already had an opportunity to amend the complaint, the court declines to permit withdrawal without prejudice. Accordingly, Plaintiff's motion to withdraw is denied.

### B. Review of a "Report and Recommendation"

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district court 'may adopt those portions of the Report to which no objections have been made and which are not facially erroneous.'" Locurto v. United States, No. 10-CV-4589 (NGG) (JO), 2016 WL 4257550, at *2 (E.D.N.Y. Aug. 12, 2016) (quoting La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order); cf. 28 U.S.C. § 636(b)(1).

The court shall review de novo any portions of the R&R to which a party timely objects. 28 U.S.C. § 636(b)(1). If, however, "a party 'makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" Locurto, 2016 WL 4257550, at *2 (quoting Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)). In addition, "courts 'ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.'" Id. (quoting Kennedy v. Adamo, No. 02-CV-1776 (ENV) (RML), 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006), aff'd, 323 F. App'x 34 (2d Cir. 2009) (summary order)).

"[T]he court must 'liberally construe [filings] submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest.'" Moore v. Newton, No. 14-CV-6473 (MKB) (CLP), 2016 WL 7011476, at *5 (E.D.N.Y. Dec. 1, 2016) (quoting Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007)). "However, a court 'need not argue a pro se litigant's case nor create a case for the pro se which does not exist.'" Obanya v. Select Portfolio Servicing, Inc., No. 14-CV-5255 (NGG) (LB), 2015 WL 5793603, at *1 (E.D.N.Y. Sept. 30, 2015) (quoting Molina v. New York, 956 F. Supp. 257, 259 (E.D.N.Y.1995)).

**C. Defendants' Motion to Dismiss**

1. Legal Standard

"On a motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's favor." Apotex Inc. v. Acorda Therapeutics, Inc., 823 F.3d 51, 59 (2d Cir. 2016) (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 306 (2d Cir. 2015)). However, that leniency is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Where, as here, the complaint was filed pro se, it must be construed

liberally to raise the strongest arguments it suggests. Nonetheless, a pro se complaint must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal quotation marks, citations, and alterations omitted). Defendants' arguments invoke two bases for dismissing Plaintiff's claims: dismissal for "lack of subject-matter jurisdiction" under Rule 12(b)(1), and for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6). Fed. R. Civ. P. 12(b).

### a. Dismissal for Lack of Standing Under Rule 12(b)(1)

"Article III of the U.S. Constitution limits the jurisdiction of federal courts to 'Cases' or 'Controversies.'" Keepers, Inc. v. City of Milford, 807 F.3d 24, 38 (2d Cir. 2015), cert. denied sub nom. Keepers, Inc. v. City of Milford, Conn., 137 S. Ct. 277 (2016) (footnote omitted). As part of that jurisdictional limitation, "plaintiffs must establish that they have standing to sue" by demonstrating that (1) the defendants have caused them to suffer a redressable injury; and (2) the plaintiffs seek to vindicate their own legal rights rather than rights belonging to third parties. Id. at 38-39 (citations omitted) (discussing the requirements of constitutional and prudential standing); see also CBF Industria de Gusa S/A v. AMCI Holdings, Inc., 850 F.3d 58, 77 (2d Cir. 2017) ("The complaining party bears the burden of alleging facts that affirmatively and plausibly suggest that it has standing to sue." (internal quotation marks and citation omitted)).

### b. Dismissal for Failure to State a Claim Under Rule 12(b)(6)

To defeat a challenge under Rule 12(b)(6), "a complaint must plead specific facts sufficient to support a plausible inference that the defendant is liable for the misconduct alleged. While 'the plausibility standard is not akin to a 'probability requirement,' it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Doe v. Columbia Univ., 831 F.3d 46, 54 (2d Cir. 2016) (internal citations omitted) (quoting Iqbal, 556 U.S. at 678).

## 2. The Payment and Assignment Claims

Judge Levy recommended that the Payment and Assignment Claims be dismissed for lack of constitutional and prudential standing. "Broadly construed," these claims "challenge[] the right of defendant Chase Bank to have collected [Plaintiff's] mortgage payments, and the propriety" of the February 2013 mortgage assignment to U.S. Bank. (R&R at 7.) However, "it is well established in the Second Circuit that mortgagors lack standing to bring claims against mortgagees based on alleged defective assignments or breaches of trust agreements, because mortgagors have no actual or concrete injury stemming from any deficiencies in the transfers of their mortgage loans." (Id. (collecting cases).) See Rajamin v. Deutsche Bank Nat'l Tr. Co., 757 F.3d 79, 84-86 (2d Cir. 2014).

Plaintiff objects that "[s]tanding is not an issue here," but offers no factual or legal support for that claim. (Pl. Objs. ¶ 12.) This type of "conclusory or general objection[]" is not sufficient to justify de novo review. Plaintiff also objects to various factual findings in the R&R (see, e.g., id. ¶¶ 2-4), but never calls into question the dispositive facts for the purpose of standing: as Judge Levy explained, Plaintiff fails to allege a cognizable injury because he "does not dispute that he received loan proceeds[,] [n]or does he allege that . . . he has been subjected to excessive or duplicative billings." (R&R at 8 (citations omitted).)

The Amended Complaint is sparse on details, but Plaintiff does clearly allege that the Property was encumbered by a mortgage. (See Am. Compl. ¶ 5(iv) (referring to "plaintiff's note and mortgage"); Pl. Ltrs. (referring to a "Promissory Note made payable to VirtualBank").) In addition, "[i]t is well established that a district court may rely on matters of public record in deciding a motion to dismiss." Fairley v. Collins, No. 09-CV-6894 (PGG), 2011 WL 1002422, at *1 (S.D.N.Y. Mar. 15, 2011) (collecting cases). New York's online Automated City Register

Information System ("ACRIS")[5] contains records of Plaintiff's initial mortgage with VirtualBank, dated January 21, 2004, and a mortgage reassignment from VirtualBank to Chase,[6] dated February 3, 2004. ACRIS therefore allows the court to connect the dots between the original mortgagee and the Defendants in this case.

Plaintiff's objection do not meaningfully challenge any aspect of Judge Levy's legal analysis, and so the court reviews the R&R for clear error. The court finds that the R&R properly applied binding precedent on the issue of mortgagor constitutional standing, and therefore adopts the recommendation to dismiss the Payment and Assignment Claims on that basis. This dismissal is without prejudice. John v. Whole Foods Mkt. Grp., Inc., — F.3d —, No. 16-986-CV, 2017 WL 2381191, at *2 (2d Cir. June 2, 2017) ("[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice." (quoting Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016))).

### 3. The Wrongful Foreclosure Claim

Plaintiff faults the R&R for not discussing Plaintiff's Wrongful Foreclosure Claim. (Pl. Objs. ¶ 14.) Though Plaintiff was not explicit in asserting wrongful foreclosure as a distinct cause of action, the term "wrongful foreclosure" does appear in the Amended Complaint (Am. Compl. at 3), and Plaintiff explained in his motion to amend that he "[sought] to add an allegation for [] wrongful foreclosure." (Pl. Mot. to Am. at 2.) The court will therefore apply de novo review to this claim.

---

[5] Automated City Register Information System, Office of the City Register, N.Y.C. Dept. of Fin., http://a836-acris.nyc.gov/CP/. Records for the Property may be found by searching ACRIS for Block 9953, Lot 15, in the borough of Queens.

[6] The assignee in the February 3, 2004, assignment is "Chase Manhattan Bank, USA," a prior incarnation of Chase Bank USA, NA. See Chase Manhattan Bank USA, National Association, Nat'l Info Ctr., Fed. Reserve, https://www.ffiec.gov/nicpubweb/nicweb/InstitutionProfile.aspx?parID_Rssd=489913&parDT_END=20000410 (last visited June 26, 2017).

Under New York law, a wrongful foreclosure action may only be asserted based on a successful <u>judgment</u> of foreclosure, not merely an <u>attempted</u> foreclosure. See <u>Lezynski v. Kasprzyk</u>, 281 A.D. 346, 348 (N.Y. App. Div. 1953) ("The alleged wrong was completed upon the entry of the judgment of foreclosure and sale on August 28, 1933 and the cause of action [for wrongful foreclosure], if any, accrued at that time."). "Without a 'factual basis supporting an allegation of [actual] foreclosure, a cause of action for wrongful foreclose cannot survive.'" <u>Calizaire v. Mortg. Elec. Registration Sys., Inc.</u>, No. 14-CV-1542 (CBA) (SMG), 2017 WL 895741, at *9 (E.D.N.Y. Mar. 6, 2017) (quoting <u>Pawaroo v. Countrywide Bank</u>, No. 09-CV-2924 (ARR) (SMG), 2010 WL 1048822, at *7 (E.D.N.Y. Mar. 18, 2010)).

U.S. Bank's attempted foreclosure was dismissed, as described above. (See Am. Compl. ¶ 5(iv).) <u>See also</u> <u>Foreclosure Dismissal</u>, No. 5436/14. Plaintiff has therefore failed to state a claim for wrongful foreclosure. The Wrongful Foreclosure Claim is dismissed with prejudice.

### 4. The Credit Rating Claim

Judge Levy recommended that the Credit Rating Claim be dismissed based on Plaintiff's failure to properly allege a cause of action under any applicable federal or state law. (See R&R at 10 n.3.) Rather, Plaintiff "appears to have assumed that, because the foreclosure action was dismissed for failure to provide adequate proof of standing, U.S. Bank must have engaged in some type of unlawful conduct." (Id.; see, e.g., Am. Compl. ¶ 5(iv) (mischaracterizing the <u>Foreclosure Dismissal</u> as an affirmative determination "that US Bank had no legal basis to . . . hold [Plaintiff's] note and mortgage").) Plaintiff's objections do not appear to address any aspect of the Credit Rating Claim. Therefore, the court reviews for clear error. Finding none, the court adopts the R&R's analysis and dismisses the Credit Rating Claim with prejudice.

### 5. The Quiet Title Claim

Judge Levy recommended dismissal of the Quiet Title claim because, although the Amended Complaint lists "quiet title" among the relief sought, "the Amended Complaint does not contain a single allegation that either references a quiet title claim or would otherwise support the assertion of one." (R&R at 11 (footnote omitted).) Plaintiff's objections contain language that track elements of New York's quiet title cause of action. Compare Pl. Objs. ¶ 6 ("The 'assignments of mortgage' have caused a cloud on the title of the property.") with Acocella v. Bank of N.Y. Mellon, 127 A.D.3d 891, 892-93 (N.Y. App. Div. 2015) ("To maintain an equitable quiet title claim, a plaintiff must allege . . . the existence of a removable 'cloud' on the property . . . ."). Nonetheless, Plaintiff has never disputed that a mortgage lien was, in fact, attached to the Property. The issue of whether either Defendant was properly assigned all beneficial interest under the mortgage is distinct from the issue of whether the property was properly encumbered by a mortgage in the first instance.[7] The court therefore overrules Plaintiff's objection, adopts the R&R's recommendation, and dismisses the Quiet Title Claim with prejudice.

### III. CONCLUSION

For the reasons stated above, Plaintiff's motion to withdraw the Amended Complaint (Dkt. 27) is DENIED; Plaintiff's objections (Dkt. 28) to Judge Levy's R&R are OVERRULED; and the R&R (Dkt. 26) is ADOPTED IN PART. Accordingly, Defendants' Motions (Dkt. 24) are GRANTED with respect to the motion for dismissal and DENIED AS MOOT with respect to the motion for summary judgment. Plaintiff's claims pertaining to mortgage payments and

---

[7] The court notes, in addition, that ACRIS lists a satisfaction of mortgage for the Property under Plaintiff's name, dated June 28, 2016. To the extent that the satisfaction discharged the lien on the Property, any quiet title claim concerning that lien would appear to be moot.

assignments are DISMISSED WITHOUT PREJUDICE for lack of standing; Plaintiff's claims pertaining to wrongful foreclosure, credit rating, and quiet title are DISMISSED WITH PREJUDICE.

The Clerk of Court is respectfully directed to terminate the case. The Clerk is further directed to send a copy of this order to pro se Plaintiff.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 7, 2017

NICHOLAS G. GARAUFIS
United States District Judge